# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 3:24-cv-1024-TJC-SJH

NESTOR ROJAS, et. al.,

_____

## NOTICE OF A RELATED CASE

Defendant Rojas recently filed a supplement asserting that Blue Cross Blue Shield of North Carolina (BCBS NC), an affiliate of Blue Cross Blue Shield of Missouri d/b/a RightCHOICE Managed Care, Inc., and Blue Cross Blue Shield of Florida d/b/a Florida Blue, continues to state that hospitals submitted claims using Place of Service (POS) Code 22. (Doc. 8 at pp. 4 - 8). Mr. Rojas claims that assertion is materially false and formed the basis of his plea agreement. Mr. Rojas is correct in identifying that falsity.

On March 21, 2024, the undersigned warned the Litigation Trustee that the spreadsheets used in the civil and criminal trials were falsified. *Thomas W. Waldrep Jr., as Litigation Trustee v. LabMed Services LLC*, Adv. Pro. No. 22-00020-5-JNC (E.D.N.C. Mar. 21, 2024), Doc. 30 (Ex. 1).

On October 1, 2025, Steve White, a named Defendant in the case Nestor Rojas references, retained Mark Blake as his attorney to examine the

1

evidence submitted by BCBS NC in that case. *Thomas W. Waldrep Jr., as Litigation Trustee v. Estate of Paul Nussbaum et. al.*, Adv. Pro. No. 22-00078-5-JNC (E.D.N.C. 2022). Unbeknownst to Mr. Rojas, Mr. Blake, Mr. Gertz, the federal prosecutors, or this Court, Mr. Blake learned that on April 16, 2024, BCBS NC secretly repudiated the spreadsheets and material portions of Joseph Popillo's deposition that Mr. Rojas referenced in his supplement. (Doc. 8-1 at pp 84-88) and produced new less falsified spreadsheets. BCBS NC was a plaintiff in *RightCHOICE Managed Care, Inc. v. Hospital Partners, Inc. et. al* Case No. 18-cv-6037-DGK (W.D.MO. 2018), where Jeffrey Gleason introduced falsified spreadsheets that Nathaniel Moore had previously tendered to the Florida grand jury, and which the government later introduced at two criminal trials.

Mr. Gleason and Mr. Moore represent BCBS NC in *LifeBrite Hospital Group of Stokes LLC v Blue Cross Blue Shield of North Carolina*, Case No: 18-cv-292-WO-LPA (M.D.N.C. 2018); they represent Elevance Health in *Aaron Durall v. Florida Blue et al.,* Case No. 23-61557 (S.D. Fla. 2023); they represent Blue Cross Blue Shield Healthcare Plan of Georgia in *Lifebrite Laboratories LLC and Christian Fletcher v Blue Cross and Blue Shield of Florida Inc.* Case No: 23-cv-03748 (M.D. GA 2023); they represented 26 Blue Cross Blue Shield affiliates in the RightCHOICE case (Id.); and, they were the primary liaisons between all Blue Cross Blue Shield affiliates as victims

and the government in the criminal prosecutions. They have a continuing

non-negotiable obligation to inform the government, the Missouri Court, and

this Court that the evidence used to secure the judgment against Mr. Blake

and Mr. Gertz, to the government to secure Mr. Rojas's  plea agreement and

to induce this Court to sentence multiple individuals to prison, has been

subsequently repudiated.

All Blue Cross Blue Shield affiliates, including BCBS NC, process

claims data that healthcare providers and hospitals transmit to them

through their central clearinghouse, Availity. The original data transmitted

by the hospitals to the Availity system contained no POS 22 code; the

materially false addition of the POS 22 code occurred only once the data was

processed through the Availity system, after which it was presented in both

the civil and criminal proceedings. The specific hospital whose data BCBS

NC recently repudiated was Washington Hospital, which was not among the

hospitals included in the civil or criminal cases, but its claims were generated

from the same underlying data set.

The repudiation by BCBS NC confirms that the falsification of patient

data was not an isolated occurrence, but rather the result of a systemic

alteration as part of the data processing procedure used by all Blue Cross

Blue Shield affiliates, including Florida Blue and Elevance Health. Because

the same data streams produced the spreadsheets used in both the civil and

criminal cases, the withdrawal of the Washington Hospital data establishes

that the underlying source files were compromised across all affiliated plans.

This acknowledgment by one participating plan demonstrates that the

falsified evidence presented to the grand jury, the government, and this

Court was the product of a broader, coordinated process rather than a

discrete clerical or technical error.

Under Rule 4-3.3 of the Florida Rules of Professional Conduct and the

counterparts in the ABA Model Rules Professional Conduct and the Ethical

Rules in every state imposed a clear and ongoing duty upon Mr. Gleason and

Mr. Moore to take corrective action. They were obligated to inform the

government and this Court that the foundational evidence was false. Their

failure to do so violated their duty of candor toward the tribunal and

perpetuated the use of falsified materials that resulted in judgments,

criminal convictions, and sentences.

On October 21, 2025, the United States District Court for the Southern

District of Florida entered an order in *Aaron Durall v. Florida Blue et al.,*

Case No. 23-61557 (S.D. Fla. 2023).

In his decision dismissing the federal RICO claim and other federal

claims with prejudice and declining to exercise supplemental jurisdiction over

the state RICO and other state claims, Judge Singal of the United States

District Court for the Southern District of Florida offered his view of

representatives of the victim insurance companies, including Elevance

Health and Florida Blue. In Footnote 11 at page 40, the Court stated:

"*To be quite clear, at least at this stage, Defendants' representatives are*

*quite similar to, and no better than, a pack of jailhouse informants scurrying*

*about to coordinate false testimony for the purpose of bettering their own*

*positions. That they come in fancy suits and silk ties as opposed to jail garb*

*only makes it worse.*" (*Aaron Durall v. Florida Blue et al.*, Case No. 23-61557,

S.D. Fla., Doc. 157, Oct. 21, 2025).

Concealing this repudiation of the evidence only compounds the

misconduct Judge Singal has already observed.

Respectfully submitted this 30th day of October 2025.

By: */s/ Mark Blake*
Mark Blake
MARK T. BLAKE, LL.M. P.A.
914 Poinciana Lane
Winter Park, FL 32789
(813) 480-6828
marktblake@aol.com
Amicus and Interested Party

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record and mailed a copy to Nestor Rojas.

/s/ Mark Blake